[Decided at PENDLETON July 31, 1897.]

## RE MURRAY'S ESTATE.

(49 Pac. 961.)

1. INSOLVENCY — ASSIGNEE'S FINAL REPORT — PRACTICE.— An assignee for creditors, having discharged the duties of his trust, is entitled, upon filing his final account, to have it settled and adjusted, and all objections thereto passed upon and determined separately. Hence an order disallowing the account in toto is error.

2. APPEAL — OBJECTIONS NOT MADE BELOW.— Irregularities in the verification and filing of objections to the final account of an assignee in insolvency cannot be urged for the first time on appeal.

From Grant: MORTON D. CLIFFORD, Judge.

Final accounting of Kenneth F. MacRae, assignee of Murray Brothers, insolvent. Upon objections by A. L. Brown, creditor, the account was rejected, and assignee appeals.

REVERSED.

For appellant there was a brief by *Mr. Thornton Williams*, with an oral argument by *Mr. Emmet Williams*.

For respondent there was a brief and an oral argument by *Mr. Errett Hicks*.

Opinion by MR. JUSTICE BEAN.

This appeal brings up for review a decree of the Circuit Court of Grant County, made in the matter of the final account of Kenneth F. MacRae, as assignee of Murray Brothers, formerly partners doing business as stockmen and ranchers in Grant, Harney, and Malheur counties. MacRae was appointed in November, 1891, assumed control and management of the estate January 1, 1892, and filed his final account on May 31, 1894, showing a balance on hand of $4,256.70, of which he asked to be allowed the sum of $3,390.37 for his personal services as assignee, and $866.33 as a balance due for the services of his attorneys. After several ineffectual attempts to bring the matter of the account to a hearing, January 19, 1895, was fixed as the time for hearing objections thereto, and for the settlement thereof, of which due notice was given. On the eighteenth of January, 1895, one of the creditors of the estate filed objections to many items in the assignee's final account, specifying with considerable detail the grounds of such objections. Nothing further, however, appears in the journal of the court in reference to the matter until May, 1896, when the court filed a decision wherein he makes some findings of fact to the effect that the estate had been extrava-

gantly and wastefully managed, but did not pass upon any of the objections made to the final account, except such as pertained to the matter of the allowance to the assignee for his personal service and for the balance due his attorneys. On the twenty-sixth of May the assignee filed a motion, supported by affidavit, for a rehearing, and a re-examination of the matter, and for leave to file a supplemental report. This motion was allowed, and on October 7, 1896, a supplemental report, explanatory of the final account, and in answer to the objections thereto, setting out at great length and with much detail the transactions of the assignee, was filed by him, and the whole matter argued and submitted. On February 8, 1897, the court again filed what are denominated findings of fact and conclusions of law, but which, like the former findings, did not pass upon or determine the specific objections made to the assignee's final report, or undertake to settle his accounts. Upon these findings a decree was rendered that "the final account and report and the supplemental account and report of the said assignee be, and the same are hereby, rejected and disallowed; that the said assignee be, and he is hereby, allowed the sum of $309.37, in addition to the amount already received by him as per his said final account and report, for his services as such, and the remaining sum now in his hands belonging to the said estate, to wit, the sum of $3,906.58, the said assignee is hereby ordered to forthwith distribute *pro rata* among the creditors of the estate, and that each creditor have and recover of and from the said assignee his costs and disbursements, taxed at the sum of $———."

1.   From this decree the assignee appeals, and, in
our opinion, his appeal must prevail.   Having dis-
charged the duties of his trust, and filed his final
account, he was entitled to have it settled and ad-
justed, and the specific objections made thereto passed
upon and determined.   This was not done, but an
order was entered disallowing the account in toto,
and ordering the distribution of the funds then in his
hands, less the sum of $390, which he was permitted
to retain for his own services; so that, as the matter
now stands, the assignee must go to the expense and
trouble of filing another final account notwithstanding
the fact that the one on file is a full and complete
account of his doings as assignee.   The estate has
been settled, and it only remains for the court to
settle and adjust the accounts of the assignee.
The proper practice would have been for the court
below to have tried and determined the issues made
by the objections to the final account, and either al-
lowed it in whole or in part, and in that manner
ascertained the sum with which the assignee is prop-
erly chargeable, and the amount for which he is
entitled to a credit, and thereby settled and adjusted
his account so that when he complied with the decree
he would be entitled to a discharge and order exoner-
ating his bondsmen.   The final account of the busi-
ness, together with the books, vouchers, and records
on file, show all his transactions and his receipts and
disbursements with particular and commendable clear-
ness, and upon these records and the objections made
to the final report he is entitled to have the matter
adjusted, and not be compelled to begin over again.

Although the court may have been of the opinion, from its examination of the record, that the estate had been extravagently managed or wasted, or that the assignee had failed to account for all the property coming into his hands, or had paid out money for which he was not entitled to a credit, it was not authorized on that account to disallow and reject his final account in toto. It should have tried out the disputed questions either from the record, if that could have been done, and, if not, from extraneous testimony, and made such a decree of final settlement as, in its opinion, the facts justified.

2. It is claimed that the objections were not filed in time, and are not properly verified, but questions of that kind cannot be made in this court for the first time. The case was argued and submitted twice to the court below on the assumption that the objections were properly filed. The only question in the case is the settlement of the final account of the assignee, and as this involves questions of fact which cannot be determined in this court from the record before us, it necessarily follows that the decree must be reversed, and the cause remanded to the court below, with directions to adjust and settle the final account of the assignee; and it is so ordered.

REVERSED.